UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STACY DUPLESSIE

VERSUS

JAMES D. RIDDLE

CIVIL ACTION

NO. 14-442-JJB

## RULING

This matter is before the Court on the Defendant James Riddle's (Riddle) Motion (Doc. 2) to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). The Plaintiff Stacy Duplessie (Duplessie) opposed the motion. (Doc. 5). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **DENIES** the Defendant's Motion (Doc. 2) to Dismiss.

## Background

Duplessie alleges that Riddle, an attorney practicing law in Louisiana, filed suit on behalf of First Franklin Financial Corporation against Duplessie and his wife "for sums due . . . on a consumer loan." (Doc. 1 at 2). According to Duplessie, the loan "was in the name of Bonnie Duplessie only and was primarily for personal, family or household purposes only." *Id.* Duplessie believes that he was not contractually obligated on the loan and that Riddle's suit against him violates the Fair Debt Collection Practices Act (FDCPA), specifically 15 U.S.C. § 1692e and f. *Id.* In support of his claim, Duplessie alleges that Riddle is a "debt collector" as defined under the statute and that the statute "prohibits debt collectors from engaging in abusive, deceptive, and unfair practices for suing [a party] on a debt for which [that party] is not personally liable." *Id.* at 1.

1

## Law

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss . . . should not be granted if a complaint provides 'enough facts to state a claim to relief that is plausible on its face.'" *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S at 570. The court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 507 F.3d 690, 696 (5th Cir. 2005).

## Analysis

Riddle contends that there is no discussion of the manner in which the he violated each of the mentioned sections of the FDCPA such that he can determine the factual grounds for each such claim and thus the Court should dismiss the plaintiff's FDCPA claims for failure to state a claim. (Doc. 2-1 at 3). The Court agrees.

Duplessie appears to allege that because he "was not contractually obligated" on the loan held in his wife's name that Riddle's suit against him violates the FDCPA. (Doc. 1 at 2). Nevertheless, Duplessie merely reaches a legal conclusion that he was not liable on the loan in his wife's name and also concludes, without support, that Riddle's suit against him constitutes a violation of the FDCPA. Under *Twombly*, conclusory allegations are not entitled to the assumption of truth otherwise granted under the 12(b)(6) analysis. *Plotkin*, 507 F.3d 696. Even taking the complaint in the light most favorable to the plaintiff, Duplessie's claim is not "facially

2

plausible" such that this Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570.

### Conclusion

For the reasons stated herein, the Defendant's motion to dismiss (Doc. 2) is **DENIED** and the Court **GRANTS** the Plaintiff leave to amend his complaint. The Plaintiff is **ORDERED** to file any amended complaint within 20 days of the date of this Ruling.

Signed in Baton Rouge, Louisiana, on November 4, 2014.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA