UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STACY DUPLESSIE

VERSUS

JAMES D. RIDDLE

CIVIL ACTION

NO. 14-442-JJB-EWD

## RULING

This matter is before the Court on a Motion for Summary Judgment (Doc. 21) brought by the defendant, James D. Riddle. The plaintiff, Stacy Duplessie, filed an opposition (Doc. 28). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 21) is **GRANTED**.

**I.  BACKGROUND**

The following facts are undisputed.[1] The defendant, James D. Riddle ("Riddle"), is an attorney licensed to practice in the state of Louisiana. He regularly engages in the collection of consumer debts for third party clients.

On July 16, 2013, Riddle filed a Petition for Suit on Promissory Note against Bonnie Duplessie in connection with a promissory note she executed in favor of 1st Franklin Financial. The promissory note at issue was incurred solely by Bonnie Duplessie and was only used for personal, family, and household purposes. At the time the note was signed, as well as when the 2013 petition was filed, Bonnie Duplessie was married to and living with the plaintiff, Stacy Duplessie.[2]

Paragraph 7 of the July 16 petition alleged a claim against Stacy Duplessie:

---

[1] *Def.'s Statement Undisputed Facts*, Doc. 23; *see Pl.'s Response to Statement Undisputed Facts*, Doc. 28-1 ("Plaintiff Stacy Duplessie does not dispute the facts as stated by defendant[.]"). The only factual issue involves the amount of damages Duplessie is entitled to if liability is found.

[2] Bonnie and Stacy Duplessie are currently married. *Bonnie Duplessie Aff.* ¶ 1, Doc. 28-2.

1

> [T]he defendant, Stacy E. Duplessie, is the non-signing spouse of the defendant, Bonnie Duplessie, and was so when the loan agreement was executed. Accordingly, pursuant to Louisiana community property laws, the plaintiff avers that the defendant, *Stacy E. Duplessie, is liable on said debt to the extent of community property*.

*Pet. for Suit on Promissory Note* ¶ 7, Doc. 2 (emphasis added). Thereafter, the petition was voluntarily dismissed regarding the claim against Stacy Duplessie—no judgment was ever rendered against Stacy Duplessie in connection with the 2013 petition.

On July 16, 2014, Stacy Duplessie ("Duplessie") filed a complaint in this Court against Riddle, alleging that his actions constituted a violation of the Fair Debt Collection Practices Act ("FDCPA"). *Compl.*, Doc. 1. Specifically, Duplessie alleges that Riddle "violated numerous provisions of the FDCPA including but not limited to [15 U.S.C.] sections 1692e and 1692f." *Id.* at ¶ 8. Riddle filed the current motion arguing that no genuine dispute of material fact exists, and seeking judgment as a matter of law on Duplessie's claim for damages under the FDCPA.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

**III.   DISCUSSION**

The FDCPA prohibits a debt collector[3] from using any false or misleading representations or unfair practices in connection with collecting or attempting to collect a debt.[4] Under the FDCPA, it is a false or misleading representation to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For example, filing suit against a party that cannot be held liable may be considered a violation of the FDCPA. *See Egge v. Healthspan Servs. Co.*, 115 F. Supp. 2d 1126 at 1128–29 (D. Minn. 2000) (holding that if the non-signing spouse is legally liable for the other spouse's debt, attempts to collect from the non-signing spouse do not violate the FDCPA).

Riddle argues that he did not violate the FDCPA by filing a suit on a promissory note against Duplessie, the non-signing spouse, because such practice is not illegal under Louisiana law. *Def.'s Supp. Mem.*, Doc. 22. Duplessie argues, however, that it is illegal under Louisiana law to hold him personally liable on a note that he did not sign. *Pl.'s Opp'n*, Doc. 28. Thus, according to Duplessie, Riddle's action in suing him on the note was a violation of the FDCPA. *Id.*

---

[3] It is undisputed that James Riddle is a debt collector, as that term is defined by the FDCPA, because he regularly engages in the collection of consumer debts for third party clients. *Def.'s Supp. Mem.* 1, Doc. 22.
[4] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt."); *id.* § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.").

This Court looks to Louisiana law to determine whether an alleged practice is false, misleading, or unfair. *See Egge*, 115 F. Supp. 2d 1126 (applying the forum-state's law in an action under the FDCPA). Under Louisiana law, "[a] separate or community obligation[5] may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation." La. Civ. Code art. 2345. Pursuant to article 2345, Louisiana courts have held that a non-signing spouse may be sued on a promissory note signed by the other spouse, when the non-signing spouse's liability is limited to his interest in community property. *Ford Motor Credit Co. v. Epps*, 708 So. 2d 824, 827 (La. Ct. App. 1998) (stating that "[e]ither spouse is the proper defendant, during the existence of the marital community, in an action to enforce an obligation against community property"); *Fowler v. Dunshee*, 511 So. 2d 1323, 1325 (La. Ct. App. 1987) (amending the lower court's judgment to limit the non-signing spouse's liability to the "extent of her interest in the property of the former community"); *Fowler*, 511 So. 2d at 1325–26 (Kliebert, J., dissenting) (stating that under La. C.C.P. art. 735 either spouse is the proper defendant during the marriage, and that a non-signing spouse may be a necessary party); *First Sec. Bank & Trust v. Dooley*, 480 So. 2d 842, 845 (La. Ct. App. 1985) (holding that the lower court's judgment against the non-signing spouse individually must be limited to his interest in the community property).

Here, Duplessie was a proper defendant on the suit on the promissory note and is legally liable to the extent of the community property. Although Duplessie argues that suing him on the

---

[5] A community obligation is "[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse." La. Civ. Code art. 2360. Obligations incurred during a marriage "are presumed to be community obligations." La. Civ. Code art. 2361. There is no dispute that the debt incurred by Duplessie's wife was a community obligation—the debt was incurred "in order to pay household bills including tires for my vehicle, which is only used for personal, family, and household purposes." *Bonnie Duplessie Aff.* ¶ 2, Doc. 28-2; *see Ledet v. Ledet*, 496 So. 2d 381, 384 (La. Ct. App. 1986) (holding that loans made during the marriage—used for spouses' daughter's tuition, a car for the signing spouse and the daughter, and the daughter's wedding—were community obligations because the community was enriched by the loan proceeds).

promissory note was illegal under Louisiana law, Duplessie's opposition and the cases cited in support for its claim of illegality stand for the proposition that a non-signing spouse cannot be *personally* liable for the debt of the other spouse. *Pl.'s Opp'n*, Doc. 28 (stating throughout that Duplessie cannot be held *personally* liable on a debt he did not sign).[6] Riddle did not, however, seek to hold Duplessie *personally* liable, but sought only to hold him liable "*to the extent of the community property*." *Pet. for Suit on Promissory Note* ¶ 7, Doc. 2 (emphasis added). Therefore, as a matter of law, Riddle's action in naming Duplessie in its petition was not a false, misleading, or unfair debt collection practice subjecting him to liability under the FDCPA.

## IV. CONCLUSION

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 21) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on May 23, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[6] *See First Guar. Bank v. Alford*, 366 So. 2d 1299, 1305 (La. 1978) ("[I]nasmuch as [the non-signing spouse] is not a debtor on either of the two notes sued upon she may not be held *personally liable* thereon." (emphasis added)); *Fin. One of Houma, L.L.C. v. Barton*, 769 So. 2d 739, 741 (La. Ct. App. 2000) ("Under [Louisiana Civil Code articles 2354 and 2357], the non-incurring spouse is not *personally* liable for the debt incurred by the other spouse either during the existence of the legal regime or after its termination[.]" (emphasis added)); *see also* Andrea Carroll & Richard D. Moreno, 16 LA. CIV. L. TREATISE, MATRIMONIAL REGIMES § 6:4 (4th ed.) (discussing how "[m]isapplication of Article 2345 can result in an unintended windfall for a creditor of a spouse by giving the right to seize the *separate property* of the non-incurring spouse." (emphasis added)).

5